# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:                                ) | |
|                                       ) | |
| WILLIAM J. HEALEY,                    ) | Case No. 05-01343 |
|                                       ) | Chapter 7 |
|         Debtor.                       ) | |
| _____ ) | |
|                                       ) | |
| MARC R. LABGOLD,                      ) | |
|                                       ) | |
|         Plaintiff,                    ) | Adv. Proc. No. 05-10078 |
|                                       ) | |
| v.                                    ) | |
|                                       ) | |
| WILLIAM J. HEALEY,                    ) | |
|                                       ) | |
|         Defendant.                    ) | |
| _____ ) | |

## COMPLAINT UNDER § 523 OF THE BANKRUPTCY CODE TO DETERMINE THE DISCHARGEABILITY OF A DEBT OR, ALTERNATIVELY, UNDER § 727 OF THE BANKRUPTCY CODE TO OBJECT TO DISCHARGE OF DEBT

Plaintiff Marc R. Labgold ("Labgold"), by counsel, pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure, hereby complains against the Debtor and Defendant, William J. Healey ("Healey"), as follows:

### JURISDICTION

1. This case was filed as a Chapter 7 case in the United States Bankruptcy Court for the District of Columbia on September 9, 2005, as In re: William J. Healey, Case No. 05-01343, and remains pending therein. This Court has jurisdiction to hear and determine this matter as a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I) and 1334 and the applicable Federal Rules of Bankruptcy Procedure.

## VENUE

2. This case was filed in and remains pending in this district. Venue for this adversary proceeding, therefore, properly lies within this district pursuant to 28 U.S.C. § 1409(a).

## PARTIES

3. Plaintiff Marc R. Labgold is an adult resident of the Commonwealth of Virginia.

4. Defendant William J. Healey is the Debtor in the above-captioned bankruptcy case and is an adult resident of the District of Columbia.

## BACKGROUND

### The First Bankruptcy Filing and Lawsuit Against Labgold

5. Labgold and Healey were former friends and partners at the patent law firm of Oblon, Spivak, McClelland, Maier & Neustadt, P.C. ("Oblon Spivak"). On May 5, 1998, Oblon Spivak terminated Healey's employment.

6. Less than five months later, on September 25, 1998, Healey declared Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia. In his Schedule B, Healey did not state that he had claims that arose out of his employment with Oblon Spivak. Healey received certain discharges and the case was closed on January 14, 1999.

7. About six months after his bankruptcy filing, on July 26, 1999, Healey filed a lawsuit against Labgold, Oblon Spivak, and other members of the law firm in the United States District Court for the Eastern District of Virginia, alleging wrongful discharge, breach of contract, breach of fiduciary duty, tortuous interference with

contract, interference with business relationship, defamation, and conspiracy to damage Healey in his business or profession. Healey sued Labgold despite the absence of facts to support those claims and knowing that Labgold was neither involved in nor legally responsible for the decisions made by the law firm.

8. Labgold, Oblon Spivak, and other members of the law firm filed a motion to dismiss the lawsuit arguing, among other things, that Healey's bankruptcy filing had been improper for he had not included in his Schedules B and C the claims that arose out of his employment with Oblon Spivak. The court granted the motions to dismiss, holding that Healey lacked standing to sue and that the matter properly belonged in bankruptcy court. Healey subsequently appealed that decision to the United States Court of Appeals for the Fourth Circuit and the decision was affirmed.

9. Healey filed a motion to reopen his bankruptcy case for the purpose of listing and exempting his interest in the lawsuit against Labgold, Oblon Spivak, and other members of the law firm. After his motion was granted, Healey filed amended Schedules B and C. Seven days later, Healey filed a motion to dismiss his bankruptcy case. The bankruptcy trustee filed an objection to Healey's claimed exemption of the lawsuit. The bankruptcy court denied Healey's motion for voluntary dismissal and granted the bankruptcy trustee's objection to Healey's claimed exemption of the lawsuit with respect to all counts except that for defamation and conspiracy.

10. The bankruptcy trustee negotiated a settlement with Labgold, Oblon Spivak, and other members of the law firm. That same day, when Healey knew that many of his claims were part of the bankruptcy estate and were about to be settled by the

3

trustee in a manner that would distribute the proceeds to his debtors, Healey filed a second lawsuit against Labgold, Oblon Spivak, and other members of the law firm.

### The Second Lawsuit Against Labgold

11. On March 7, 2000, Healey filed a second lawsuit against Labgold, Oblon Spivak, and other members of the law firm but, this time, Healey brought suit in the United States District Court for the District of Columbia, alleging the exact same claims as those alleged in the first lawsuit but changing the order of the defendants and not identifying this case as being related to the prior litigation, which in large part was being resolved with the bankruptcy trustee.

12. Not only were the claims identical to those asserted in the first lawsuit, with the exception of a claim for intentional infliction of emotional distress, Healey knew that he did not have standing to bring those claims because they were still part of the previous bankruptcy estate. Notwithstanding this knowledge, Healey affirmatively and improperly represented to the court that he had standing to bring those claims.

13. Healey successfully reached a settlement with Oblon Spivak and the other members of the law firm.

14. When Healey's attempt to extract a settlement from Labgold failed, Healey sent the following e-mail to the then managing partner of Labgold's law firm:

> -----Original Message-----
> From: Healy, William [SMTP:Whealey@nixonpeabody.com]
> Sent: Thursday, June 29, 2000 10:46 PM
> To: 'jeffrey.liss@piperrudnick.com'
> Subject: marc labgold lawsuit
>
> Mr. Liss: I am faxing you under separate cover a copy of a lawsuit filed in the U.S. District Court for the District of Columbia. It provides some interesting reading on Marc Labgold, who didn't stay too long at Long,

> Aldrich. Marc and I received our PhD's together at Caltech and worked together as partners at Oblon Spivak. This lawsuit, with Marc as the lead Defendant, was filed last year and dismissed pending resolution of issues by the bankruptcy court. I have an outstanding settlement offer to Marc; he has until Monday to respond.
>
> While I am now a partner in the DC office of Nixon Peabody and would like to get this whole mess behind me, I will not let it drop without some retribution by those involved. If it doesn't settle, the least I can do is make others aware of how Marc treated his partner and friend. I wonder how he treated his partners at Long, Aldrich, and how he will treat his partners at Piper Marbury.
>
> Bill Healey

15.   Healey then filed a motion to dismiss without prejudice as to Labgold and with prejudice as to all the remaining defendants in the lawsuit.

16.   Labgold filed an objection to Healey's motion to dismiss Labgold without prejudice. In addition, Labgold filed a motion for sanctions against Healey for filing multiple pleadings unreasonably and vexatiously.

17.   In response to Labgold's motion for sanctions against Healey, Magistrate Judge John M. Facciola issued two Opinions on April 6, 2002 and October 17, 2002, and a Final Report and Recommendation dated July 19, 2003, recommending an award of sanctions against Healey in the amount of $42,759.00. True and correct copies of the Opinions and Final Report and Recommendation are attached hereto as Exhibits 1-3.

18.   Magistrate Judge Facciola found that Healey unreasonably and vexatiously multiplied the judicial proceedings by filing a complaint containing claims that a court of competent jurisdiction had already concluded Healey had no standing to bring. Healey's e-mail to Labgold's then managing partner was also a factor in Magistrate Judge Facciola's opinion, as reflected in his Memorandum of Opinion dated October 17, 2002, which states:

5

Finally, there is that nasty e-mail that Healey sent to the firm that Labgold had joined. It was a mean-spirited way to use this lawsuit to blacken Labgold's name just as he was coming through the door. Healey is no fool. He knows that in what has become the high stakes world of the Washington, D.C. legal community, partnerships can be worth millions. Healey also knows the members of a high stakes firm are understandably skittish about the bubble reputation of their partners. Sending that e-mail, knowing what it could do to Labgold, speaks volumes about Healey's true intentions and makes his claim of filing the lawsuit to preserve his original claims from the statute of limitations ring awfully hollow.

19. By Order entered on August 19, 2003, the United States District Court for the District of Columbia adopted Magistrate Judge Facciola's recommendations and awarded sanctions against Healey in the amount of $42,759.00. A true and correct copy of the Order is attached hereto as Exhibit 4.

## COUNT I
(Non-Dischargeable Under 11 U.S.C. § 523(a)(6))

20. Labgold repeats each and every allegation of paragraphs 1 through 19 above as if fully set forth herein.

21. By his acts as set forth above, Healey willfully and maliciously caused injury to Labgold by unreasonably and vexatiously multiplying the judicial proceedings against Labgold and by sending a "nasty e-mail" to the then managing partner of Labgold's law firm.

22. As a result of Healey's willful and malicious injury to Labgold, the United States District Court for the District of Columbia awarded sanctions against Healey.

## COUNT II
(Non-Dischargeable Under 11 U.S.C. § 523(a)(19))

23. Labgold repeats each and every allegation of paragraphs 1 through 22 above as if fully set forth herein.

24. The award of sanctions in favor of Labgold is an order pursuant to 11 U.S.C. § 523(19)(B)(i).

25. The award of sanctions is a court order for penalties pursuant to 11 U.S.C. § 523(19)(B)(iii).

## COUNT III
(Non-Dischargeable Under 11 U.S.C. § 727(a)(2))

26. Labgold repeats each and every allegation of paragraphs 1 through 25 above as if fully set forth herein.

27. As of September 9, 2005, Healey's year-to-date income was $227,500, as reflected in his Statement of Financial Affairs filed in the above-captioned bankruptcy case. At the Meeting of Creditors on October 5, 2005, Healey testified that he is Of Counsel at the law firm of Mayer, Brown, Rowe & Maw LLP and that his annual income is $270,000.

28. Healey has transferred, removed, destroyed, mutilated and/or concealed his personal property. Just two months prior to his bankruptcy filing, Healey took the following actions: (i) he made a payment in the sum of $10,000.00 to Zwicker & Associates purportedly for student loans; (ii) he closed a savings and a checking account; and (iii) he sold his Chrysler Sebring 2000 for $4700.

29. The month in which Healey elects to file his bankruptcy petition and schedules, Healey also elects to commence monthly payments to the D.C. Office of Tax and Revenue in the amount of $2,500. Healey's total debt to the D.C. Office of Tax and Revenue is $16,500. If Healey continues to make the monthly payments as indicated in his Schedule J, he will satisfy his obligation to the D.C. Office of Tax and Revenue by

7

March 2006 and, thus, will have at least an additional $2,500 each month to apply to repayment of his debts.

30. Healey's Schedule J further indicates that Healey is purportedly making monthly charitable contributions totaling $300 although he owes $159,620 in total debt to various creditors.

31. Healey transferred, removed, destroyed, mutilated and/or concealed his property as little as two months before filing his bankruptcy petition with the intent to hinder, delay, and defraud his creditors.

## COUNT IV
(Non-Dischargeable Under 11 U.S.C. § 727(a)(5))

32. Labgold repeats each and every allegation of paragraphs 1 through 31 above as if fully set forth herein.

33. Healey is Of Counsel at the law firm of Mayer, Brown, Rowe & Maw LLP and his annual income is $270,000.

34. For years prior to joining his current law firm, Healey had been a partner at various lucrative patent law firms.

35. Despite years of earning a significant salary, Healey states that, other than his retirement accounts valued at $36,500, the total value of all his assets is only $7,375.

36. Accordingly to Healey's Statement of Financial Affairs filed with this Court on September 9, 2005, Healey's net total monthly income is $11,148 and his total monthly expenses are $10,560, which purportedly includes a $300 charitable contribution. The difference between Healey's monthly income and expenses is $588. Healey has not adequately accounted for this monthly surplus as he indicates he only has $700 in his checking account and $200 on hand.

8

37. Healey closed two personal bank accounts, which allegedly had a total value of $1,100. If Healey only has $700 in his checking account and $200 on hand, Healey has not adequately accounted for the funds he received from closing those accounts.

38. Healey has failed to explain satisfactorily, before determination of denial of discharge under 11 U.S.C. § 727(a)(5), the loss of his assets and/or the deficiency of his assets to meet his liabilities.

WHEREFORE, Defendant Marc R. Labgold respectfully requests that this honorable Court:

A. Enter judgment in his favor and against Healey in the amount of $42,759.00, plus pre-judgment and post-judgment interest, and attorneys' fees and costs;

B. Find and determine that the debt described in paragraph A above is non-dischargeable pursuant to 11 U.S.C. §§ 523 or, alternatively, 11 U.S.C. § 727; and

C. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

MARC R. LABGOLD

By: /S/ Cathryn Le Regulski
Counsel

Stephen W. Robinson (D.C. Bar No. 282731)
Cathryn Le Regulski (D.C. Bar No. 477780)
McGUIREWOODS LLP
1750 Tysons Boulevard
Suite 1800
McLean, Virginia 22102
Telephone: (703) 712-5000
Facsimile: (703) 712-5050

Active\3294489.1