The decision below is hereby signed. Dated: March 5, 2006.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                         )
                              )
WILLIAM J. HEALEY,            )   Case No. 04-01343
                              )   (Chapter 7)
          Debtor.             )
_____)
                              )
MARC R. LABGOLD,              )
                              )
                              )
          Plaintiff,          )
                              )   Adversary Proceeding No.
     v.                       )   05-10078
                              )
WILLIAM J. HEALEY,            )
                              )
          Defendant.          )
```

### DECISION RE DISMISSING ADVERSARY PROCEEDING

The court has dismissed, pursuant to the United States Trustee's motion seeking dismissal under 11 U.S.C. § 707(b), the bankruptcy case in which this adversary proceeding was filed. On mootness grounds, the court will dismiss this adversary proceeding as well.

The complaint in this adversary proceeding sought to declare nondischargeable (that is, unaffected by any discharge that might have been issued in the bankruptcy case had it remained pending) the debts owed by the defendant Healey to the plaintiff Labgold, and objected to granting Healey a discharge (that is, the discharge to which Healey would have been entitled, absent Labgold's timely objection, had this case remained pending).[1]

Both types of relief sought, although they were core matters under 28 U.S.C. § 157(b)(2)(I) and (J), are now moot. Because no case is pending, no discharge will issue. Accordingly, the dischargeability of the debts owed by Healey to the plaintiff Labgold, had a discharge issued, is an academic issue. Similarly, there is no occasion to deny the granting of a discharge. The court can grant a discharge under 11 U.S.C. § 727(a) only in a pending bankruptcy case, and with the bankruptcy case having been dismissed, no purpose is served by Labgold's objection under 11 U.S.C. § 727(c)(1)

---

[1] A request for entry of default is pending based on Healey's failure to plead or otherwise defend.

2

to the court's granting a discharge.[2]  Theoretically the same claims could arise in some future bankruptcy case filed by Healey, but by then Healey's debt to Labgold may be fully paid, thus precluding Labgold from pursuing the types of relief he seeks in this adversary proceeding in the future bankruptcy case.  Labgold's requests for relief in this case are thus moot.

Mootness deprives the court of subject matter jurisdiction.  Muhammad v. City of N.Y. Dep't of Corr., 126 F.3d 119, 122 (2d Cir. 1997).  "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1217 (11th Cir. 2000) (citation omitted).  "When events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff

---

[2] Because the United States Trustee's motion to dismiss was pending under F.R. Bankr. P. 1017(e), there was no possibility of a discharge being granted by the clerk until that motion was adjudicated. F.R. Bankr. P. 4004(c). Once the case was dismissed, there was no case pending in which to grant a discharge.

meaningful relief, the case is moot and must be dismissed."
Id.[3]

Mootness is an exception to the general rule that subject matter jurisdiction is determined as of the date of the filing of the complaint. See Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 460 (5th Cir. 2005). Mootness thus distinguishes this case from those in which courts have held that the court's jurisdiction was determined based on whether jurisdiction existed when the adversary proceeding complaint was filed, and have held that dismissal of the bankruptcy case

---

[3] This case does not fall within the exception to the mootness doctrine for circumstances which are "capable of repetition, yet evading review." In any future bankruptcy case, Labgold will still have the opportunity to seek determinations of nondischargeability and to object to the debtor's obtaining a discharge. Although Healey might obtain dismissal of such a future case before such issues are tried, the issues are relevant only if Healey obtains a discharge but for Labgold objecting. Necessarily any issues Labgold presses in such a future case would be tried if Healey were ever to obtain a discharge in that future case.

4

did not destroy jurisdiction over the adversary proceeding.[4] Each of those cases involved a matter which, despite the dismissal of the main bankruptcy case, was still a live controversy (for example, imposing sanctions for misconduct in the bankruptcy case), not some speculative possibility that the same issue might arise in a future bankruptcy case even though the issue was a dead issue in the dismissed bankruptcy case.

An order follows dismissing this adversary proceeding without prejudice to reinstatement should the dismissal of the main case be vacated, and without adjudicating the claims asserted in the complaint.

[Signed and dated above.]

Copies to: Copies to: All counsel of record; debtor; Office of U.S. Trustee.

---

[4] See Chapman v. Currie Motors, Inc., 65 F.3d 78, 80-82 (7th Cir. 1995); In re Porges, 44 F.3d 159, 162-63 (2d Cir. 1995); In re Querner, 7 F.3d 1199, 1201-02 (5th Cir. 1993); In re Carraher, 971 F.2d 327, 328 (9th Cir. 1992) (per curiam); In re Morris, 950 F.2d 1531, 1534 (11th Cir. 1992); In re Smith, 866 F.2d 576, 580 (3d Cir. 1989); Williams v. Citifinancial Mortg. Co. (In re Williams), 256 B.R. 885, 892 (8th Cir. BAP 2001) (holding that jurisdiction continues, and suggesting that it is more likely to be an abuse of discretion to dismiss a core matter than to dismiss a non-core matter over which the bankruptcy court had only "related to" jurisdiction).